■ In the Matter of BRADCORD ASSOCIATES, Respondent, v CONCILIATION AND APPEALS BOARD OF THE CITY OF NEW YORK et al., Appellants. In the Matter of 70 PARK TERRACE EAST Co., Respondent, v CONCILIATION AND APPEALS BOARD OF THE CITY OF NEW YORK et al., Appellants.—Judgments of the Supreme Court, New York County, entered September 24, 1975, granting the petitions, annulling the determinations and remanding the proceedings to the conciliation and appeals board for consideration *de novo,* unanimously affirmed, without costs and without disbursements. We affirm each of the above appeals for the reasons stated in the opinions of Justice Tyler. We have noted the contention of appellant conciliation and appeals board that under present financial circumstances it is unable to meet the obligation imposed by law, in establishing "adjusted initial legal rents", to give

consideration to "rents generally prevailing *in the same area* for substantially similar housing accommodations" (emphasis added) (Emergency Tenant Protection Act of 1974, L 1974, ch 576, § 4; New York City Administrative Code, § YY51-6.0.2, subd b, par 1). We are mindful of the board's claim that because of these circumstances it has been compelled to adopt a broader procedure than authorized by law for determining such "rents generally prevailing". However, the statute mandates the specific procedure to follow. Accordingly, the predicament of the board might warrant the attention of the Legislature with a view to relief from or modification of this stringent statutory requirement. Concur—Lupiano, J. P., Birns, Capozzoli, Lane and Nunez, JJ.