In the Matter of ULLMAN ESTATES, Doing Business as HARPER MANAGEMENT, as Managing Agent of Ullman Estates, Respondent, v NEW YORK CITY CONCILIATION AND APPEALS BOARD, Appellant.

First Department, December 8, 1983

APPEARANCES OF COUNSEL

*Iris J. Korman* of counsel (*Ellis S. Franke,* attorney), for appellant.

*Clifford A. Entes* of counsel (*Finkelstein, Borah, Schwartz, Altschuler & Goldstein, P. C.,* attorneys), for respondent.

OPINION OF THE COURT

FEIN, J.

New York City Conciliation and Appeals Board (CAB) appeals from a judgment remanding to the CAB for a new hearing the issue of the fair market rent value of apartment 4C, premises 323 West 83rd Street, New York City. The CAB determination was based solely upon the special fair market rent guidelines order issued by the Rent

Guidelines Board, and not in conjunction with any comparables furnished by petitioner or otherwise determined.

The CAB is authorized to determine the initial legal rental of a dwelling unit which had been destabilized under prior law, here the Vacancy Decontrol Act of 1971 (L 1971, ch 371), and was being returned to rent stabilization upon the tenant's occupancy under lease in 1980, pursuant to the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4) and the Rent Stabilization Law (Administrative Code of City of New York, § YY51-6.0.2, subd b).

In order to determine the initial legal rental for such a unit, a tenant may file a tenant protest, a rent appeal from the rent determined by the landlord, as a free market first rent, if the tenant believes it exceeds the fair market rent.

When presented with such an appeal, the CAB is required by the statute to consider two factors in determining whether the initial agreed upon rent for the apartment exceeds the fair market rent. These two criteria are (1) the special Rent Guidelines Board order, and (2) "the rents generally prevailing in the same area for substantially similar housing accommodations." What is involved is a statistical citywide guideline of rents for apartments as established by the CAB and a comparison of "comparable" rentals of similar apartments in the same area. Both criteria must be applied on a case-by-case basis (*Matter of Bradcord Assoc. v Conciliation & Appeals Bd.,* 52 AD2d 569; *Matter of Fresh Meadows Assoc. v New York City Conciliation & Appeals Bd.,* 92 Misc 2d 519, affd 63 AD2d 943).

The board has developed citywide guidelines for such apartments. Under the board's rules the owner (landlord) is required to submit rent rolls or leases to establish the June 30, 1974 rents for the lines of apartments in the subject building or other buildings submitted by the landlord to be used as comparables. The board's requirement that the landlord submit the necessary data for comparable apartments has been approved as rationally based (*Matter of Clarke Mgt. Corp. v Conciliation & Appeals Bd.,* 58 NY2d 1108, affg 91 AD2d 517; *Matter of Century Operating Corp. v Prince,* 75 AD2d 536). As these cases hold, the burden is on the landlord to furnish the data covering

comparables (*Matter of Axelrod Mgt. Co. v Conciliation & Appeals Bd.*, 95 AD2d 691). Where the owner fails to provide the necessary documentation for June 30, 1974 comparable rents, the board is authorized to utilize the special Rent Guidelines Board order without resort to comparable rents (*Matter of Clarke Mgt. Corp. v Conciliation & Appeals Bd., supra; Matter of Axelrod Mgt. Co. v Conciliation & Appeals Bd., supra; Matter of Century Operating Corp. v Prince, supra*). Here the landlord submitted the rents of the other apartments in the "C" line, which the board declined to use because they were all rent-controlled apartments. To rely upon such figures would deprive the landlord of a proper right (*Matter of Fresh Meadows Assoc. v New York City Conciliation & Appeals Bd., supra*).

Accordingly, the board made several efforts to obtain the appropriate figures for comparable apartments from the owner. The landlord failed to submit similar comparables although he was thrice requested to do so.

Finally reacting to the board's pressure, the landlord furnished a real estate broker's list purporting to describe comparable apartments as follows:

| | |
|---|---|
| 340 West 89th Street, apartment 5 | $ 1,000/mo. |
| 514 West End Ave., apartment 7A | $ 850/mo. |
| 347 West 87th Street, apartment 3 | $ 900/mo. |
| 113 West 106th Street, apartment 5D | $ 650/mo. |
| 158 West 84th Street, apartment 3B | $ 650/mo. |

The submission contained no additional information. Lacking was an entire line of apartments with historical data back to 1974. CAB's rejection of such a bare broker's listing as insufficient in the absence of historical data and adequate description of the units involved has been sustained (*Grenvil Realty Corp. v New York City Conciliation & Appeals Bd.*, 88 AD2d 1110; *Matter of Century Operating Corp. v Prince, supra*). Contrary to the owner's argument, the burden is not upon the board to investigate the apartments listed on the broker's list, nor to do its own investigation for comparables. The burden was on the owner (*Matter of Clarke Mgt. Corp. v Conciliation & Appeals Bd., supra*).

For reasons not disclosed, the landlord failed to furnish a line of comparable apartments in the subject building or another building even after being advised that the board required such data. When an owner fails to provide the required documentation, the board is entitled to rely on the special Rent Guidelines Board order without resort to comparable rents (*Matter of Clarke Mgt. Corp. v Conciliation & Appeals Bd., supra; Matter of Axelrod Mgt. Co. v Conciliation & Appeals Bd., supra; Matter of Century Operating Corp. v Prince, supra*).

In light of the landlord's failure to furnish the required data, the board did not act arbitrarily in determining the fair market rents solely on the basis of the special rent guidelines order (*Matter of Century Operating Corp. v Prince, supra*). The landlord had full opportunity to present arguments and evidence during the board's proceedings.

The determination of the board had warrant in the record and a reasonable basis in law. It was neither arbitrary nor capricious and should not have been disturbed. There was no basis for a remand (*Greystone Mgt. Corp. v Conciliation & Appeals Bd.*, 94 AD2d 614). It was not the responsibility of the board to furnish comparables.

Accordingly, the judgment of the Supreme Court, New York County (NORMAN C. RYP, J.), entered July 21, 1982, which granted the petition to the extent of remanding the matter to the CAB for determination of the adjusted initial legal regulated rent of the subject apartment with a direction that it hold a new hearing, should be reversed on the law without costs, the application by petitioner denied, and the petition dismissed.

SULLIVAN, J. P., ROSS, MILONAS and ALEXANDER, JJ., concur.

Judgment, Supreme Court, New York County, entered on July 21, 1982, unanimously reversed, on the law, without costs and without disbursements, the judgment vacated, the application by petitioner is denied, and the petition dismissed.