■ In the Matter of J. H. TAYLOR, INC., Respondent, v CONCILIATION AND APPEALS BOARD OF THE CITY OF NEW YORK, Appellant. — Order and judgment

(one paper) of the Supreme Court, New York County (Arthur E. Blyn, J.), entered December 2, 1982, granting petitioner's application to annul respondent's determination of the initial legal regulated rent to the extent of remanding the matter to respondent to afford petitioner 30 days to provide updated comparability data reversed, on the law, and the petition dismissed, with costs. ¶ Petitioner, the managing agent of premises 242 East 19th Street, New York City, leased apartment 5D on November 30, 1975, for a two-year period at a monthly rental of $420. The rental paid by the prior tenant had been $254.70 per month. Although the apartment was rent stabilized the increase in rent was bottomed on the claim of vacancy decontrol. ¶ Some four months after entering into possession the tenant filed a rent review application contending that the rent was excessive. Because of pending litigation (*Matter of Bradcord Assoc. v Conciliation & Appeals Bd.*, 52 AD2d 569) over the proper formula to be applied in determining initial legal rentals, action on the application was deferred. It was further delayed by additional litigation on another aspect of the same subject (*Matter of Fresh Meadows Assoc. v New York City Conciliation & Appeals Bd.*, 63 AD2d 943). The litigation completed, petitioner was requested to submit a list of 1974 rentals for all apartments in the same line as the subject apartment as well as receipts for improvements to the apartment. No response was made to this request. Thereafter, on January 18, 1980 the request was repeated, this time with the addendum that this would be the final request. No response was made to this request. Two months later, on March 18, 1980, the Conciliation and Appeals Board (CAB) handed down its decision fixing the initial legal regulated rent at $320.92 per month, effective January 15, 1976. ¶ We have hitherto held (*Matter of Clarke Mgt. Corp. v Conciliation & Appeals Bd.*, 91 AD2d 517, affd 58 NY2d 1108) that where a landlord or its duly authorized representative fails to respond to repeated requests for information from CAB and fails to submit documentation with respect to pertinent rental data, the board is justified in fixing the initial legal rent in accordance with the special guidelines order of the New York City Rent Guidelines Board and in so doing it does not act arbitrarily. That was precisely what happened here. Petitioner ignored the request of CAB for information. Thereupon CAB, using the maximum base rent as a basis, granted percentage increases, inclusive of a percentage increase for electricity, and arrived at a fair market rent. Its action was in accordance with the law. Concur — Kupferman, J. P., Sandler, Sullivan and Bloom, JJ.