■ In the Matter of JEMROCK REALTY Co., Appellant, v

DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents.—Judgment (denominated order) of the Supreme Court, New York County (William J. Davis, J.), entered November 8, 1989, denying the petition brought pursuant to CPLR article 78 to revise an order and opinion by respondent, Division of Housing and Community Renewal (DHCR), which established the lawful stabilized rent for the subject premises and found an overcharge by the petitioner, unanimously affirmed, without costs and disbursements.

Petitioner is the owner of 210 West 101st Street. Prior to April 1, 1984 the tenant of apartment 1B filed a fair market rent challenge with the New York City Conciliation and Appeals Board, alleging a rent overcharge. DHCR found that the initial rent charged did not exceed the initial fair market rent but found that the rent increases were in excess of authorized amounts.

Effective April 1, 1984, New York City Rent Stabilization Law (Administrative Code of City of New York) § 26-516 (g) required landlords to keep rent records for an apartment for four years. The law in effect prior to April 1, 1984 required the landlord to maintain a complete rent history. The landlord contends that the "new law" should have been applied in assessing the amount of the overcharge rather than the old law. As this court held in *Matter of Lavanant v State Div. of Hous. & Community Renewal* (148 AD2d 185), the Legislature intended that the "new law" be applied only to those overcharge complaints filed after April 1, 1984. Furthermore, DHCR's processing of the tenant's fair market challenge also as a rent overcharge complaint was neither arbitrary nor irrational as the tenant raised the issue of an overcharge. Concur—Sullivan, J. P., Carro, Milonas, Smith and Rubin, JJ.