■ In the Matter of WYNDHAM REALTY Co., Appellant, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.—Judgment, Supreme Court, New York County (Edith Miller, J.), entered January 18, 1990, which dismissed a petition brought pursuant to CPLR article 78 seeking review of a determination by respondent Division of Housing and Community Renewal (DHCR) which established the Fair Market Rent for the apartment in question and ordered the landlord to roll back the rent and refund the excess rent collected, unanimously affirmed, without costs.

Petitioner is the landlord of 166 2nd Avenue, apart. 4B. The tenant, Adam Gewanter, took possession of the apartment

pursuant to a 2 year lease commencing May 1, 1979. On March 26, 1984 the tenant filed a Fair Market Rent Appeal.

To determine the lawful rent, comparisons had to be made with other apartments. Since the time the Fair Market Rent Appeal was filed, the Rent Stabilization Code has changed the manner of determining comparable rents. Of the rents submitted for comparison purposes only one apartment, 9G, was considered because it was the only one not rent controlled. The decision not to use apartments subject to rent control in the comparability study is rationally based. *(Matter of Ullman Estates v New York City Conciliation & Appeals Bd.,* 97 AD2d 296, *affd* 62 NY2d 758.)* Furthermore this Court has consistently held that the DHCR may rationally apply the law in existence at the time the complaint was filed *(Matter of Lavanant v State Div. of Hous. & Community Renewal,* 148 AD2d 185). An agency's application and construction of statutes and regulations entrusted to its administration are entitled to judicial approval, where as here, they have a rational basis. *(Matter of Salvati v Eimicke,* 72 NY2d 784, *rearg denied* 73 NY2d 995.)* Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Smith, JJ.