■ In the Matter of 60 GRAMERCY PARK COMPANY, Respondent, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant.—Judgment, Supreme Court, New York County (M.B. Stecher, J.), entered on or about August 15, 1991, which granted the CPLR article 78 amended petition to the extent of remanding the matter to respondent, Division of Housing and Community Renewal (DHCR) for further proceedings and a new determination is unanimously reversed, on the law, the determination of the Commissioner, dated October 31, 1990, is confirmed, the petition denied, and the proceeding dismissed without costs or disbursements.

On October 1, 1983, Ms. Veda Cohen, a tenant living in an apartment at 60 Gramercy Park North, filed a rent overcharge complaint with the former New York City Conciliation and Appeals Board (CAB).

Thereafter, the CAB sent to the petitioner, 60 Gramercy Park Company (landlord), a copy of the tenant's complaint letter together with a request for rent history documentation for the subject apartment. In response, by letter, dated January 27, 1984, the landlord denied the complaint, but did not furnish any rental history concerning the apartment.

Subsequently, the respondent DHCR which is the successor agency to the CAB, sent the landlord a "Final Notice of

Pending Default", which informed the landlord, in substance, that it had 20 more days to submit documentation to substantiate the base rent date for the subject apartment, and the landlord was warned that its failure to submit rent history documentation would result in the DHCR's establishment of the lawful rent.

Since the landlord failed to respond to this demand, the District Rent Administrator (Administrator), by order, determined the lawful rent for the apartment, using the DHCR default procedures applicable to a proceeding instituted prior to April 1, 1984, and found that the landlord had overcharged the tenant $7,586.61, based on treble damages for the period of overcharges.

On November 28, 1986, the landlord filed a Petition for Administrative Review (PAR). The landlord argued that the overcharge award should have been less, since the apartment became a co-op, when the tenant purchased it, effective June 1, 1985.

In a letter, dated July 10, 1990, the landlord supplemented the pending PAR, by now claiming, upon information and belief, that it had not defaulted, since the said apartment was allegedly under rent control, until the complaining tenant moved in, and the DHCR could have confirmed that fact by searching its own records, as allegedly required by the decision of this Court in *Matter of VR Equities v New York City Conciliation & Appeals Bd.* (118 AD2d 459).

The Commissioner disposed of the PAR in an order and opinion, dated October 31, 1990. Initially, the Commissioner noted that the tenant had not answered the PAR. In response to the landlord's demand, the Commissioner searched the DHCR's records concerning the apartment, and found that "such records do not establish the [landlord's] contention that the complainant was the first stabilized tenant following decontrol. Therefore, it was incumbent upon the [landlord] to provide rent records to establish its claim that the apartment was subject to rent control prior to the complainant's occupancy, which the [landlord] failed to do".

The Commissioner did rule, however, that the Administrator's order, dated October 23, 1986, should be modified, because "[a]lthough the Administrator noted in the order that the tenant had purchased the subject apartment as a cooperative owner on June 1, 1985, review of the order discloses that the Administrator incorrectly included in his overcharge calculations rent paid by the tenant during the period June 1,

1985 to September 30, 1985 as contended by the [landlord]. Therefore, the Commissioner finds that the overcharge finding should be reduced by $790.20 ($65.85 × 4 months × 3) to rectify this error."

The petitioner-landlord then brought this article 78 petition. The petitioner argued that it should not be held in default for failing to submit a complete rent history for the said apartment, based upon section 2523.7 (c) of the new Rent Stabilization Code (9 NYCRR), which became effective April 1, 1984, requiring a landlord to maintain rent records for no more than four years "prior to the initial or most recent annual registration for such accommodation".

The IAS Court granted the amended petition to the extent of remanding the matter for further proceedings and a new determination. In its decision, in support of that judgment, the IAS Court stated in pertinent part: "It is apparent, from the papers [maximum base rents (MBRs) for the years 1972-1979] now submitted by the petitioner that, as it contended in the PAR, [the complaining tenant's] apartment was under Rent Control up to the time she first occupied it and that as a consequence, the commencement of her tenancy was the appropriate Base Rent Date. The documents supporting those contentions were subsequently obtained by the petitioner from DHCR itself by a freedom-of-information demand."

Inasmuch as the complaining tenant instituted her complaint prior to April 1, 1984, pursuant to this Court's decision in *Matter of Lavanant v State Div. of Hous. & Community Renewal* (148 AD2d 185, 192), the DHCR had a rational basis for applying the default procedures, in view of the fact that the landlord failed to provide a complete rental history. This Court has repeatedly continued to follow *Lavanant (see, Matter of Marin Mgt. v Division of Hous. & Community Renewal,* 184 AD2d 276; *Matter of Britton Realty Co. v State Div. of Hous. & Community Renewal,* 173 AD2d 175, *lv denied* 78 NY2d 856; *Matter of Jemrock Realty Co. v State Div. of Hous. & Community Renewal,* 169 AD2d 679, *lv denied* 78 NY2d 852). In addition, we note that it was the default of the petitioner in failing to respond, over a period of more than two and one-half years, to two notices from DHCR, requesting a complete rental history for the apartment, which resulted in the Administrator using the default procedure.

Further, upon a PAR submission the agency need *not* consider new material or facts for the first time. The landlord should have presented all its information to the Rent Admin-

istrator. *(See, Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal,* 171 AD2d 572, *lv denied* 78 NY2d 861.)

*Matter of VR Equities v New York City Conciliation & Appeals Bd. (supra),* cited by the IAS Court is *not* applicable. In that case, the landlord had asked for administrative proceedings to be re-opened. The landlord also requested an extension of time to get rent records from a prior owner and the MBRs were part of the administrative return of the agency which is not the case here. Further, in *VR Equities,* we determined the MBRs were accurate but there is a very real issue presented in the record herein as to the accuracy of the MBRs.

The unpublished decision and order of this Court entered herein on December 8, 1992, is hereby recalled and vacated. Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.