■ In the Matter of GIFFUNI BROS., Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, and NEIL LONDON, Intervenor-Respondent. [621 NYS2d 73] —Order and judgment (one paper), Supreme Court, New York County (Bruce McM. Wright, J.), entered October 1, 1993, which granted petitioner's CPLR article 78 petition and annulled an order and opinion of respondent agency, unanimously modified, on the law and the facts, and the matter is remanded to respondent for further proceedings, without costs.

Petitioner-respondent Giffuni Brothers ("Landlord") is the owner of the building designated as 353 East 83rd Street, New York, New York (the "Building"). In September 1988, Neil London, the resident of a rent stabilized apartment in the Building, filed a rent overcharge complaint with respondent-appellant New York State Division of Housing and Community Renewal ("DHCR").

The DHCR, in attempting to ascertain whether a 15% vacancy allowance taken by the Landlord on August 1, 1984 pursuant to Rent Guidelines Board Order No. 15 ("RGB 15")* was proper, forwarded to Landlord a Request for Additional Information/Evidence framed as follows: "Did the last vacancy allowance collected occur prior to June 30, 1975?, [sic] if so please send a copy of the lease." Landlord responded that, by law, it was not required to maintain or produce rent records more than four years prior to the most recent rent registration. Landlord did forward the rental history of the apartment in the form of leases from September 1982 to date.

---

* RGB 15 provides, inter alia, for vacancy rent increases of "fifteen percent where no vacancy allowances have been imposed pursuant to provisions governing new tenancies commencing on or after July 1, 1975."

The DHCR Rent Administrator, by order issued August 9, 1991, found that the rent charged by petitioner constituted a willful overcharge and assessed treble damages. On September 11, 1991, Landlord filed a Petition for Administrative Review, which was denied by order and opinion dated August 27, 1992. Both the Rent Administrator's order, and the order and opinion, were predicated upon petitioner's failure to submit a complete rental history to June 1975.

Landlord subsequently commenced the underlying article 78 proceeding seeking judicial review of the DHCR's order and opinion. The IAS Court granted the petition holding, *inter alia,* that it was improper and arbitrary for the DHCR to draw a negative inference against petitioner on the basis of its failure to produce records that it was not required by law to either maintain or produce. The DHCR now appeals.

We agree with the IAS Court that because the overcharge complaint was filed by the tenant after April 1, 1984, petitioner was under no obligation to produce records dating back more than four years prior to the most recent registration date for the apartment (Rent Stabilization Law [Administrative Code of City of NY] § 26-516 [g]; Rent Stabilization Code [9 NYCRR] § 2523.7 [c]; *see also, Matter of Lavanant v State Div. of Hous. & Community Renewal,* 148 AD2d 185; *Matter of 60 Gramercy Park Co. v State of N. Y. Div. of Hous. & Community Renewal,* 188 AD2d 371); and that petitioner's nonproduction of such records should not have led the DHCR to arbitrarily infer that petitioner had violated RGB 15. The order and opinion was, therefore, properly annulled.

The matter, however, is remanded to the DHCR for further proceedings, in accordance with this decision, in order to hear additional testimony and receive additional proof, if any is proffered, concerning the subject apartment's rental history prior to 1982. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.