*929 OPINION OF THE COURT
Charles E. Ramos, J.
In this CPLR article 78 proceeding, petitioner seeks to annul the order of the Commissioner of respondent New York State Division of Housing and Community Renewal (DHCR), which order denied the petition for administrative review (PAR) of the Rent Administrator’s order setting the fair market rent of apartment number 3 at the premises 122 West 71st Street, New York, New York.
This proceeding, filed in 1994, involves a dispute with a long history. The tenant of apartment 3 entered into occupancy of the subject apartment in 1979 and filed a complaint of rent overcharge with the DHCR’s predecessor agency, the Conciliation and Appeals Board (CAB), in February 1984. The petitioner was served on September 6th of that year. The complaint was answered by the petitioner’s managing agent on September 12, 1984.
The complaining tenant was the first rent-stabilized tenant to occupy the subject apartment after it was vacated by the last rent-controlled tenant.
In 1988, 4 years after the complaint was filed and 10 years after the tenancy commenced, the DHCR notified the petitioner that the overcharge complaint would thereafter be processed as a fair market rent appeal.
The petitioner asserts that this is unfair because, as both parties acknowledge, the records required to defend a fair market rent appeal would include not only the rent history of the apartment in question, but entire rent histories of comparable apartments back to 1979, i.e., similar apartments in the building which were decontrolled at the same time as the subject apartment (1979).
The petitioner states that the rent histories for those apartments are no longer available. On April 1, 1984, months prior to service of the original complaint alleging overcharge upon petitioner and four years prior to the notification by the DHCR that the complaint was going to be processed as a fair market rent appeal, the Omnibus Housing Act of 1983 became effective. The act provided, inter alia, that an owner of a duly registered unit "shall not be required to maintain or produce any records relating to rentals * * * [for] more than four years prior to the * * * most recent * * * registration”. (Rent Stabilization Code [RSC] [9 NYCRR] § 2523.7.) Therefore the DHCR may not base its decision against the interest of the *930 petitioner because the petitioner failed to produce comparable rent records eight years after the tenancy began, and four years after the complaint was changed by the DHCR from a rent overcharge complaint to a fair market rent appeal.
At the time the complaint was served on the petitioner, the DHCR cautioned the petitioner to maintain rent records "for the subject apartment”. At no time was the petitioner advised to maintain records of other comparable apartments which would be necessary to defend a complaint on a fair market rent appeal.
On January 5, 1989, the DHCR rolled back the rent from $450 to $241.07, resulting in a refund due to the tenant of over $25,000. The sole justification for this rollback was the failure of the petitioner to produce the rent records of comparable apartments which the Omnibus Housing Act provided no longer had to be maintained or produced.
In this regard, it should be noted that the filing and service of this complaint poses a unique set of facts. The effective date of the 1984 Act falls between the date of filing the complaint (Feb. 1984) and its service (Sept. 1984). One question not addressed herein is whether the exception to RSC § 2523.7 (which would require that the data be maintained if a complaint was filed) is applicable in light of the service date.
This question is not addressed because the records in question were the records of comparable apartments. The rollback was not ordered because of any failure to produce the rent records for the subject apartment and there is no claim that any complaints were filed with regard to those other comparable apartments (so that there was no duty to maintain these records beyond the four years). The exception does not apply.
On February 11, 1993, 4 years after the petitioner filed its PAR; 5 years after notice to the petitioner that the complaint was changed to a fair market rent appeal; 10 years after the service of the complaint, and 14 years after the tenant moved in, the DHCR denied the PAR on the grounds, among others, that the deaths of both the principal of the owner and the managing agent were insufficient to justify (a) the petitioner’s claim that retrieval of prior records was difficult, and (b) the consideration of recently discovered evidence. It is regrettable that the DHCR does not apply its own standards to the parties appearing before it.
This court, by the Honorable Bruce McM. Wright in his order dated November 18, 1993, granted the petitioner’s prior *931 request for a reconsideration and vacated the DHCR denial of the PAR. Although Mr. Justice Wright dealt only with the issue of good cause for the delay in submitting the documentation of renovations, he vacated the order denying the PAR and remanded the entire proceeding anew to the DHCR.
By order dated March 21, 1994, the DHCR issued its present determination of the renewed PAR. In this instance it was granted in part by allowing a portion of claimed improvements to qualify for a rent increase, but that increase was computed only as an addition to the base rent which the DHCR originally determined upon the failure of the petitioner to submit comparable rent data.
This court does not fault the computation of the rent increase based upon capital improvements, rather it will address the use of the base rent which the DHCR carried over from the original order.
The DHCR seeks to justify its determination of rents pursuant to the special guideline order upon the petitioner’s failure "to submit comparable rents, despite given [sic] the opportunity to do so”.
Notwithstanding the DHCR’s reference to DC-2’s and other records for the subject apartment, it is clear that the determination sought to be reviewed herein was not based upon any failure to provide such records, rather it was based upon the failure to submit rent records for comparable apartments. See Rent Administrator’s order No. CDR 34,452 (Jan. 1, 1989) and the Court of Appeals case relied upon by the DHCR: "Where the owner fails to provide the necessary documentation for June 30, 1974 comparable rents, the board is authorized to utilize the special Rent Guidelines Board order without resort to comparable rents”. (Matter of Ullman Estates v New York City Conciliation & Appeals Bd., 97 AD2d 296, 298, affd 62 NY2d 758 [1984] [emphasis supplied].)
As aforesaid, this court finds that the petitioner was relieved of any obligation to produce such documentation, not only by the provisions of the Omnibus Housing Act, but also the circumstances of this case, particularly (a) the delays in processing this complaint, (b) the misleading advice given by the DHCR to the petitioner regarding the retention of records and (c) the change in the nature of the complaint from a rent overcharge to a fair market rent appeal.
The assertion by the DHCR that the petitioner was given notice to retain records (assuming, arguendo, that there was *932 an obligation to maintain these records longer than four years) is disingenuous in light its misleading brief (at 3) which edited the language of the notice sent to alert the petitioner that rent records should be maintained. Omitted from the brief was that language in that notice that limited the rent records in question to the subject apartment only, not to comparables.
The court is also persuaded that the DHCR notice, which required that the rents for the subject apartment be maintained, was misleading because it implied that the petitioner was not required to maintain rent records for comparable apartments.
Were this not a serious matter, the statement in the DHCR brief at page 15, that "a sophisticated landlord knew or should have known at the time of the tenant’s complaint that it was in fact a Fair Market Rent Appeal, not an overcharge complaint, and that the DHCR would ultimately review it as such” would be considered humorous. However, these matters are not humorous to the petitioner, or to the tenant whose rent has been the subject of dispute all these years. That statement is disturbing because of what it reveals — the lack of a due process standard applied by this agency. There is no provision of the RSC that requires that landlords or tenants be sophisticated in the procedures of the CAB or DHCR so as to be able to predict the agencies’ future steps. This statement reveals yet another example of the bias at the DHCR for large (sophisticated) owners at the expense of small owners, criticized by this court in Matter of Parcel 242 Realty (NY County, index No. 34622/92). The DHCR is charged with the duty to apply the RSC fairly. This case demonstrates that the DHCR will resort to any basis, no matter how arbitrary or unreasonable, .to justify its failure to act in an evenhanded manner in accordance with the letter and spirit of the law.
The intervening death of both the principal and the managing agent during the inordinate period of time between the commencement of the tenancy and the demand for documentation (10 years) cannot be ignored. The DHCR’s argument that the passage of years tolls the tenant’s right to assert the right to a fair market rent appeal begs the question. The petitioner does not concede that notices were not served, it contends that the statute prohibits a demand for any such documents after four years and places the blame where it *933 belongs, on the agencies that have proven incapable of disposing of complaints in a timely manner.
The applicable statute provides as follows:
"(e) In determining Fair Market Rent Appeals, consideration shall be given to the applicable guidelines promulgated for such purposes by the Rent Guidelines Board and to rents generally prevailing for * * * similar housing accommodations in buildings located in the same area as the housing accommodation involved. The rents for these comparable housing accommodations may be considered where such rents are:
"(1) legal regulated rents, for which the time to file a Fair Market Rent Appeal has expired and no Fair Market Rent Appeal is then pending, or the Fair Market Rent Appeal has been finally determined, charged pursuant to a lease commencing within a four-year period prior to, or a one-year period subsequent to, the commencement date of the initial lease for the housing accommodation involved; and
"(2) at the owner’s option, market rents in effect for other comparable housing accommodations on the date of the initial lease for the housing accommodation involved as submitted by the owner.” (Rent Stabilization Code § 2522.3.)
Agencies such as the CAB and the DHCR were given broad discretion in order to fairly implement the intent of the Legislature. The DHCR has abused that discretion in this case. This court does not suggest that the problems caused by the passage of time should now unfairly fall on the tenant, but it is unreasonable and arbitrary for the DHCR to fail to modify its own procedures so as to accommodate (a) the circumstances of this case, (b) the intent of the Legislature, (c) its own lethargy, (d) its ill-conceived notices and (e) the eleventh-hour change of claim.
The petition is granted. This matter is remanded to the DHCR for further reconsideration to establish a rational fair market rent for the subject apartment that reflects, pursuant to RSC § 2522.3, "rents generally prevailing for similar housing accommodations in buildings located in the same area”. Such reconsideration shall include data compiled by the respondent from sources within the agency or without, including, if necessary, opinion evidence from experts.