(July 25, 1996)

■ In the Matter of POWERS ASSOCIATES, INC., Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [645 NYS2d 794] —Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered March 30, 1995, which, *inter alia*, granted the petition to annul the March 21, 1994 New York State Division of Housing and Community Renewal ("DHCR") determination which set the fair market rent for the subject apartment, and directed petitioner-landlord to refund the excess rent payments to tenant; and remanded the matter to the DHCR for further proceedings, is unanimously reversed, on the law and the facts, without costs, the DHCR determination is confirmed, and the petition is dismissed.

The underlying proceeding out of which this matter arises was commenced by the tenant of Apartment 3 in the building designated as 122 West 72nd Street, New York, New York, by the filing of a rent overcharge complaint on or about February 14, 1984. Petitioner-landlord Powers Associates, Inc. was served in September 1984 and the managing agent answered in that same month. The tenant, who took occupancy in 1979, was the first rent-stabilized tenant to occupy the apartment after it was vacated by the previous rent-controlled tenant.

In June 1986, the DHCR requested the landlord submit a full rent-history for the apartment, including a copy of the DC-2 Notice (which is required to be served on the first stabilized tenant of an apartment). The landlord responded by submitting a copy of its previously submitted answer and by claiming it did not have a copy of the DC-2 Notice.

In May 1988, the DHCR notified the landlord that it had converted the proceeding into a Fair Market Rent Appeal, that it had a right to submit comparability data with regard to

other, similar apartments, and requested proof of any vacancy improvements. The DHCR maintains that it sent additional notices to the landlord in July and August 1988, and that in October 1988, the landlord responded that it did not keep records for 10 years, and that it could not produce leases, rent ledgers or proof of vacancy improvements made immediately prior to the present tenant's occupancy.

In January 1989, the District Rent Administrator issued an order adjusting the rent from $450 per month to $241.07 effective June 1, 1979, and directed the landlord to pay back the amount of overpayment or credit it toward future rents. The landlord filed a petition for administrative review ("PAR") and submitted, for the first time, receipts for various improvements made to the apartment. The Commissioner denied the PAR and the landlord filed a CPLR article 78 proceeding to annul that determination, which was granted, in part, by Justice Bruce Wright, who remanded the matter and directed the DHCR to consider petitioner's documents concerning renovations.

Upon remand, the Commissioner granted the appeal to the extent of determining that the landlord was entitled to an additional $26.87 per month due to the improvements, which resulted in a total refundable overcharge to the tenant of $25,401.39.

The owner subsequently commenced the underlying article 78 proceeding asserting: that while it was aware of the tenant's complaint in 1984, it was not aware that it was required to keep records for other apartments; that the DHCR's conversion of the proceeding to a Fair Market Rent Appeal was arbitrary; that the DHCR erred when it decided the fair market rent solely upon the rent guidelines, and should have considered comparable data; and that the DHCR should utilize its own records pertaining to comparable rents, as it was only required to maintain records for four years.

The IAS Court, in an order entered March 30, 1995, granted the petition and remanded the matter to the DHCR: "for further reconsideration to establish a rational fair market rent for the subject apartment that reflects, pursuant to RSC § 2522.3, 'rents generally prevailing for similar housing accommodations in buildings located in the area.' Such reconsideration shall include data compiled by the respondent from sources within the agency or without".

The DHCR appeals and we now reverse.

In the first instance, the IAS Court erred when it shifted the burden of going forward with evidence concerning comparable

rents to the DHCR, as we have previously held that the "DHCR is not required to do the landlord's work of assembling the necessary documentation" (*Matter of Parcel 242 Realty v New York State Div. of Hous. & Community Renewal*, 215 AD2d 132, 136-137, *lv denied* 86 NY2d 706; *Matter of Ullman Estates v New York City Conciliation & Appeals Bd.*, 97 AD2d 296, 298, *affd* 62 NY2d 758).

The IAS Court also erred when it determined that the DHCR could not determine a Fair Market Rent appeal solely upon the rent guidelines, without the aid of comparable data, as the tenant instituted the underlying proceeding before the DHCR prior to April 1, 1984 and the DHCR had a reasonable basis to apply the default procedures (9 NYCRR 2522.6; *see, Matter of 60 Gramercy Park Co. v State of N. Y. Div. of Hous. & Community Renewal*, 188 AD2d 371; *see also, Matter of Ardito v New York State Div. of Hous. & Community Renewal*, 214 AD2d 613). Further, the IAS Court's reliance on the four-year limitation for record retention under title 26 of the Administrative Code of the City of New York was in error as that provision also took effect after April 1, 1984 (*Matter of 60 Gramercy Park Co. v State of N. Y. Div. of Hous. & Community Renewal, supra*, at 373; *Matter of Jemrock Realty Co. v Division of Hous. & Community Renewal*, 166 AD2d 222, *lv denied* 77 NY2d 805).

We also disagree with the IAS Court's conclusion that the landlord was unfairly prejudiced by the DHCR's conversion of the underlying proceeding to a Fair Market Rent Appeal after the passage of approximately four years. It was, in fact, the landlord who failed to serve a DC-2 Notice on the tenant notifying her of the change of status of the apartment from rent-controlled to rent-stabilized and of her right to file a Fair Market Rent Appeal (9 NYCRR 2523.1; *see, Matter of McKenzie v Mirabal*, 155 AD2d 194). Had the landlord given the requisite notice, the tenant might have filed the appropriate form of petition. In addition, until the owner has served a tenant with such notice, the right of the tenant, or any succeeding tenant, to file a Fair Market Rent Appeal complaint remains viable (*Matter of McKenzie v Mirabal, supra*). Since there was no evidence produced that the notice was served, the tenant herself could have commenced the Fair Market Rent Appeal in 1988, when the DHCR converted it.

We have considered petitioner's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ. [*See,* 164 Misc 2d 928.]