■ ONE THREE EIGHT SEVEN ASSOC., Appellant, v COMMISSIONER OF DIVISION OF HOUSING AND COMMUNITY RENEWAL OF OFFICE OF RENT ADMINISTRATION, Respondent, et al., Respondent. [703 NYS2d 44] —Order, Supreme Court, Bronx County (Lottie Wilkins, J.), entered on or about January 4, 1999, which denied petitioner landlord's application to annul respondent Division of Housing and Community Renewal's (DHCR) determination in a fair market rent proceeding directing petitioner to refund to the tenant all excess rent collected by it as well as two prior landlords since the tenant moved into the apartment, unanimously affirmed, without costs.

Although petitioner purchased the subject premises in 1991, only a few months before the District Rent Administrator fixed the fair market rent and directed petitioner and two prior landlords to refund to the tenant the excess rent that the tenant paid to each since moving into the apartment in 1985, it was not arbitrary and capricious for DHCR, on petitioner's petition for administrative review (PAR) decided in 1998, to direct petitioner to refund the excess rent collected by the prior landlords as well as by itself. Such direction is consistent with respondent's policy, in force since 1993, of entitling a tenant to collect rents ordered refunded by reason of an overcharge determination entirely from the current landlord (*see, Matter of Greenberg Real Estate v Division of Hous. & Community Renewal*, 258 AD2d 313, 314). Nor does petitioner, who should have been escrowing any rent it was collecting over and above the fair market rent as determined by the District Rent Administrator, show prejudice or hardship as a result of the delay in the decision on its PAR. Concerning the rental history

reviewed by DHCR, we note that the tenant was never served with an initial legal regulated rent as required by Rent Stabilization Law (Administrative Code of City of NY) § 26-513 (d), and reject petitioner's contention that DHCR's four-year review should have run from 1991, when petitioner received notice of the conversion of the proceeding from an overcharge to a fair market proceeding, rather than from 1985, when the tenant filed the overcharge complaint (*see, Matter of Jemrock Realty Co. v State Div. of Hous. & Community Renewal*, 169 AD2d 679, *lv denied* 78 NY2d 852; *cf., Matter of McKenzie v Mirabal*, 155 AD2d 194, 201; *78/79 York Assocs. v Rand*, 175 Misc 2d 960, 967, *affd* 180 Misc 2d 316). Concur—Sullivan, P. J., Nardelli, Wallach, Lerner and Buckley, JJ.