■ In the Matter of 1781 RIVERSIDE, L. L. C., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and PETER ABREU et al., Intervenors-Respondents. [730 NYS2d 506] —Order, Supreme Court, New York County (William McCooe, J.), entered June 1, 2000, which, *inter alia*, dismissed the petition brought pursuant to CPLR article 78 to annul an order of respondent New York State Division of Housing and Community Renewal (DHCR), dated November 24, 1999, which denied petitioner's Petition for Administrative Review and affirmed an order of the Rent Administrator establishing a fair market rent for the subject apartment, unanimously affirmed, without costs.

Supreme Court properly found that the challenged DHCR determination is not arbitrary and capricious and has a rational basis in the administrative record (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222; *Greystone Mgt. Corp. v Conciliation & Appeals Bd.*, 94 AD2d 614, *affd* 62 NY2d 763).

Contrary to petitioner's arguments, DHCR properly converted the subject tenants' overcharge complaint to a fair market rent appeal (*see, Matter of Jemrock Realty Co. v State Div. of Hous. & Community Renewal*, 169 AD2d 679, *lv denied* 78 NY2d 852; *One Three Eight Seven Assoc. v Commissioner of Div. of Hous. & Community Renewal*, 269 AD2d 296) and, in adjudicating the fair market rent appeal, DHCR properly limited examination of the subject apartment's rental history to four years prior to April 1987, the time of the tenants' initial challenge to the rent charged for the apartment (*see, id.*; *Zafra v Pilkes*, 245 AD2d 218).

In the fair market rent proceeding, petitioner owner had the burden of submitting documentation to establish the lawfulness and correctness of the rents it wished considered as comparables (*see, e.g., Matter of Parcel 242 Realty v New York State Div. of Hous. & Community Renewal*, 215 AD2d 132, *lv denied* 86 NY2d 706). Although petitioner maintains that it was not afforded an adequate opportunity to meet this burden, the record discloses to the contrary that petitioner was afforded ample opportunity to submit comparability data pursuant to the Rent Reform Act of 1997 after the case was remitted to the agency. Nor was due process offended in this matter by DHCR's failure to hold a hearing prior to determining the extent of the rent increase to which petitioner was entitled by reason of alterations made to the subject apartment (*see, Mat-*

*ter of Aguayo v New York State Div. of Hous. & Community Renewal*, 150 AD2d 565).

DHCR's rejection of petitioner's claim that it was entitled to charge a first rent for the subject apartment was proper in view of petitioner's failure to demonstrate that it had altered the apartment's exterior dimensions (*see, Matter of Myers v D'Agosta*, 202 AD2d 223).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Williams, J. P., Andrias, Wallach, Lerner and Marlow, JJ.