■ In the Matter of TZIFIL REALTY CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [743 NYS2d 292] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal, dated July 3, 2000, which denied a petition for administrative review, upheld the processing of the tenant's complaint as a fair market rental appeal, and confirmed the finding of a rent overcharge, the appeal is from a judgment of the Supreme Court, Queens County (Milano, J.), dated March 15, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the contention of the petitioner, the processing by the New York State Division of Housing and Community Renewal (hereinafter the DHCR) of the tenant's rent overcharge complaint as a fair market rent challenge was neither arbitrary nor capricious (*see Matter of 1781 Riverside v New York State Div. of Hous. & Community Renewal,* 287 AD2d 255; *Matter of Jemrock Realty Co. v State Div. of Hous. & Community Renewal,* 169 AD2d 679, 680; *Matter of Jemrock Realty Co. v Division of Hous. & Community Renewal,* 166 AD2d 222, 223). Moreover, the DHCR's delay in converting the tenant's rent overcharge complaint to a fair market rent challenge provides no basis for vacating the DHCR's determination (*see Matter of Louis Harris & Assoc. v deLeon,* 84 NY2d 698, 702; *Matter of Gilman v New York State Div. of Hous. & Community Renewal,* 290 AD2d 280; *Matter of Estate of Goldman v New York State Div. of Hous. & Community Renewal,* 270 AD2d 169; *Matter of DiMaggio v Division of Hous. & Community Renewal,* 248 AD2d 533, 535).

The petitioner's remaining contentions are without merit. Altman, J.P., Schmidt, Townes and Cozier, JJ., concur.