■ In the Matter of STATE LAFAYETTE Co., Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [761

NYS2d 488] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated July 17, 2001, which granted a Petition for Administrative Review and revoked an order of the District Rent Administrator dated November 8, 2000, granting the petitioner's application for permission to eliminate the service of providing an outdoor swimming pool in the subject premises, the petitioner appeals from a judgment of the Supreme Court, Kings County (Kramer, J.), dated May 8, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contentions, the New York State Division of Housing and Community Renewal could reasonably and rationally determine that the District Rent Administrator's decision to allow the petitioner to eliminate the swimming pool on its premises, a required service under the Rent Stabilization Code, was incorrect based upon the petitioner's failure to provide any evidence that pool usage had dropped, that the cost of operating the pool had increased substantially from that of prior years, or that there were any changes in circumstances making continuation of the pool unfeasible (*see* Rent Stabilization Code [9 NYCRR] § 2520.6 [r]; § 2522.4 [d] [3]; *Matter of 1781 Riverside v New York State Div. of Hous. & Community Renewal,* 287 AD2d 255 [2001]; *Matter of West Vil. Assoc. v Division of Hous. & Community Renewal,* 277 AD2d 111 [2000]; *Matter of Powers Assoc. v New York State Div. of Hous. & Community Renewal,* 229 AD2d 349 [1996]; *Matter of Parcel 242 Realty v New York State Div. of Hous. & Community Renewal,* 215 AD2d 132 [1995]). Santucci, J.P., Friedmann, Mastro and Rivera, JJ., concur.