In the Matter of Ecco Land Corp., Appellant-Respondent, v New York State Division of Housing and Community Renewal, Respondent-Appellant. [783 NYS2d 81]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated June 19, 2002, which, inter alia, denied the landlord's petition for administrative review of an order of the District Rent Administrator dated December 11, 1997, finding, inter alia, that certain "constructively occupied" apartments were not exempt from the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4), and an action for a judgment declaring, inter alia, that the constructively occupied apartments are exempt from the Emergency Tenant Protection Act of 1974, (1) the landlord appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Jamieson, J.), entered

April 2, 2003, as confirmed so much of the Deputy Commissioner's determinations as found that (a) the constructively occupied apartments were not exempt from the Emergency Tenant Protection Act of 1974, and (b) the increase in the legal regulated rent on the constructively occupied apartments would be capped at 15% per year, and (2) the New York State Division of Housing and Community Renewal cross-appeals, as limited by its brief, from so much of the same judgment as granted the petition to the extent of remitting the matter for further proceedings to determine whether good cause existed for the petitioner's failure to submit certain evidence to the district rent administrator.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as cross-appealed from, on the law, without costs or disbursements, the petition is denied in its entirety, and the proceeding is dismissed in its entirety.

In 1995 a fire severely damaged the petitioner's apartment building, which contained apartments that were rent-stabilized pursuant to the Emergency Tenant Protection Act of 1974 (hereinafter the ETPA). After the fire, the municipality that the building was located in ordered the tenants to vacate their apartments. Subsequently, the Division of Housing and Community Renewal (hereinafter the DHCR) determined that tenants that paid $1 per month in rent "constructively occupied" their apartment and would be reinstated into possession of their apartments as soon as the damage to the building was repaired.

The petitioner then expended a substantial sum of money to repair the damage. When the work was complete, the petitioner submitted an application to the DHCR seeking to have the apartments exempted from the ETPA on the ground that the building had just been "substantially rehabilitated as family units" (McKinney's Uncons Laws of NY § 8625 [a] [5]).

The DHCR Deputy Commissioner (hereinafter the Deputy Commissioner), upon reviewing the petitioner's petition for administrative review (hereinafter PAR) of an order of a district rent administrator, determined that the apartments that remained constructively occupied would not be exempt from the ETPA. The Deputy Commissioner also determined that while the legal regulated rent could be increased on those apartments in light of the major capital improvements that the petitioner made (see 9 NYCRR 2502.4 [a] [2] [ii]), the increase would be capped at 15% per year. Finally, he determined that evidence of certain construction costs, which the petitioner was submitting

for the first time with the PAR, would not be considered when the increase in the rent was calculated.

The petitioner then commenced the instant hybrid proceeding and action, inter alia, to have the determination annulled. The Supreme Court granted the petition to the extent of remitting the matter to the DHCR to determine whether good cause existed for the petitioner's failure to submit the additional evidence of the construction costs to the district rent administrator, and for "appropriate action based upon the outcome of that determination."

The Deputy Commissioner's determination could only be annulled if it lacked a rational basis, or was arbitrary and capricious (*see Matter of Gilman v New York State Div. of Hous. & Community Renewal,* 99 NY2d 144, 149 [2002]; CPLR 7803 [3]). Here, the Deputy Commissioner's determination that the constructively occupied apartments were not exempt from the ETPA was rational, and was not arbitrary and capricious (*see* 9 NYCRR 2500.9 [e] [7]; *see also Matter of Evans v New York State Div. of Hous. & Community Renewal,* 284 AD2d 193 [2001]; *Matter of Estate of Goldman v New York State Div. of Hous. & Community Renewal,* 270 AD2d 169 [2000]; *One Three Eight Seven Assoc. v Commissioner of Div. of Hous. & Community Renewal of Off. of Rent Admin.,* 269 AD2d 296 [2000]). His determination that the increase in the legal regulated rent on those apartments would be capped at 15% per year also was rational, and was not arbitrary and capricious (*see* Operational Bulletin No. 84-4). Accordingly, the Supreme Court properly confirmed those portions of the determination.

However, so much of the Deputy Commissioner's determination as found that the petitioner did not meet its burden of demonstrating good cause for failing to submit evidence of the additional construction costs to the district rent administrator was also rational, and was not arbitrary and capricious (*see Matter of Gilman v New York State Div. of Hous. & Community Renewal, supra* at 149-151; 9 NYCRR 2510.3). Thus, the court improperly remitted the matter to the DHCR for further proceedings regarding this issue (*cf. Matter of 455 Ocean Assoc. v New York State Div. of Hous. & Community Renewal,* 241 AD2d 495 [1997]).

The parties' remaining contentions are without merit. Santucci, J.P., Adams, Mastro and Spolzino, JJ., concur.