937 A.2d 233

Linda MacBRIDE

v.

Michael M. PISHVAIAN.

No. 42, Sept. Term, 2007.

Court of Appeals of Maryland.

Dec. 13, 2007.

C. William Michaels of Baltimore, John Hermina (George W. Hermina of Hermina Law Group of Laurel), on brief, for appellant.

Herbert R. O'Connor, III and Michael B. Kelly (O'Connor Grant and Samuels of Towson), on brief, for appellee.

Argued before BELL, C.J., Raker, HARRELL, BATTAGLIA, GREENE, ALAN M. WILNER, (Retired, Specially Assigned), DALE R. CATHELL, (Retired, Specially Assigned), JJ.

GREENE, J.

This matter arises from a civil action filed in the Circuit Court for Frederick County by appellant, Linda MacBride, against appellee, Michael M. Pishvaian, for damages stemming from the poor living conditions of the apartment she rented from appellee, and his allegedly inadequate response to ameliorating those conditions. Appellant filed suit, and at the conclusion of a three day trial, the jury returned a verdict in favor of appellant on her claim of unfair and deceptive trade practices, awarding her damages in the amount of $100,000. The Circuit Court entered a judgment notwithstanding the verdict ("JNOV") on the grounds that the claim was barred by the statute of limitations, and directed entry of judgment for the appellee.

■ The principal issue currently before this Court is whether the Circuit Court erred when it granted a JNOV on the basis of limitations, and failed to apply either the "continuation of events"[1] theory, or the "continuing harm"[2] rule.

---

1. The "continuation of events" theory tolls the statute of limitations during the existence of a fiduciary relationship between the parties. *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 173, 857 A.2d 1095, 1107 (2004).

2. The "continuing harm" or "continuing violation" theory tolls the statute of limitations in situations where there are ongoing violations of

We shall hold that the issue of when appellant knew or should have known of appellee's unfair and deceptive trade practices was an issue of fact properly reserved for determination by the jury. Given that the jury found that appellant knew or should have known of the unfair and deceptive trade practices more than six years before she filed her complaint, the Circuit Court properly entered a JNOV on the basis of limitations. Furthermore, we shall hold that, in the case at bar, the continuation of events theory does not toll the statute of limitations, because there was no fiduciary relationship between the parties, and even if there were, appellant knew or should have known of her claim. Finally, w e shall hold that, the continuing harm theory does not apply because the relevant claim in this case is one of unfair and deceptive trade practices, about which appellant knew or should have known, more than six years before filing her complaint. As a result, the deteriorating condition of appellant's apartment is immaterial to our analysis in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant began leasing an apartment on October 28, 1998, at the Little Brook Apartments in Frederick, Maryland, a complex owned by appellee or corporate entities under his control. Appellant renewed the lease periodically, and continued to live on the premises until November, 2004. At the time appellant signed the original lease, the premises looked "nice and clean," although appellant noticed water spots on the ceiling and a suspicious odor. Subsequently, during conditions of heavy rain, water would soak the ceiling, walls, and carpet of the apartment. Appellant noticed that there were squirrels running between the walls and over the ceiling. Despite appellant's complaints to management, the problems were not corrected to appellant's satisfaction. Eventually, a mold problem developed on the premises, and appellant moved out in November, 2004.

---

a potential plaintiff's rights. *See Shell Oil Co. v. Parker,* 265 Md. 631, 636, 291 A.2d 64, 67 (1972).

In November, 2004, appellant's relatives contacted the City of Frederick. A City inspector found mold, a squirrel's nest in the wall, and both the front door and a refrigerator in need of repair. Testing and analysis confirmed the presence of various molds in the apartment.

Appellant filed a complaint in the Circuit Court for Frederick County on December 10, 2004, and an amended complaint on November 15, 2005. In her amended complaint, appellant advanced claims of unfair and deceptive trade practices,[3] fraud, negligence, breach of contract, and unjust enrichment.[4] Appellee raised the issue of limitations in a motion for partial summary judgment, in preliminary statements at trial, in a motion for judgment, and at a renewed motion for judgment. The Court denied the motion for judgment, but reserved on the limitations issue.

After a three day trial, the jury returned a verdict, finding in favor of appellee on appellant's claims of fraud, negligence, and breach of contract. The jury, however, found that appellee had engaged in unfair and deceptive trade practices, and awarded appellant $100,000 in damages. The jury also found, by special verdict, that appellant "knew or should have known" of the unfair and deceptive trade practices on October 28, 1998, more than six years before appellant filed suit. After a hearing on October 31, 2006, the Circuit Court entered a JNOV on the grounds of limitations, noting that the "continuing conduct" rule did not apply. The court stated, in relevant part:

---

**3.** Appellant's unfair and deceptive trade practices claim is filed pursuant to Md.Code (1975, 2005 Repl.Vol.), § 13–408 of the Commercial Law Article, which creates a private right of action for losses sustained as a result of a practice prohibited by that Article. Unfair and deceptive trade practices are defined, in part, as any "[f]alse, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers." Md.Code (1975, 2005 Repl.Vol., 2007 Supp. Vol.), § 13–301(1).

**4.** The unjust enrichment claim was later dismissed.

The difficulty in this case is the jury did not find breach of contract or negligence in this action. They found violation of a Consumer Protection statute.

In looking at the Consumer Protection statute ... the time of the alleged violation, at the time of the inception of the lease, which is what the jury found and set the date for ... October 28th ... 1998 ... there is no exception that the Court can find to extend that three year limitation period of time, and in fact suit was not filed until more than three years after that.

I don't see that I have any choice, but to grant the judgment notwithstanding the verdict on the limitations grounds due to the jury's finding that Ms. MacBride knew or should have known [] of that violation on that date.

Appellant noted an appeal to the Court of Special Appeals on November 15, 2006, and appellee noted a cross-appeal on November 20, 2006, which was withdrawn on April 2, 2007.[5] Prior to proceedings in the intermediate appellate court, we issued a writ of certiorari, on our own initiative.[6] *MacBride v. Pishvaian*, 400 Md. 646, 929 A.2d 889 (2007).

---

**5.** Appellee filed, in the Court of Special Appeals, a Motion to Strike the Use of the Trial Transcript, on the grounds that appellee did not receive the trial transcript in a timely manner, in compliance with Md. Rule 8–411(b)(1). Appellee renews his motion in this Court. We deny appellee's motion because the delay in receiving the trial transcript was not prejudicial, given that appellee received the transcript on June 18, 2007, and his brief was not due in this Court until August 31, 2007. *See Moshyedi v. Council of Unit Owners of Annapolis Rd. Med. Ctr. Condo.*, 132 Md.App. 184, 190, 752 A.2d 279, 282 (2000) (denying a motion to dismiss for failure to comply with Rule 8–411 and 8–412(d) on the grounds that the delay in filing the transcript did not result in any prejudice).

**6.** Appellant presents the following issue in her brief:

Did the Circuit Court err in granting a judgment notwithstanding verdict and entering judgment for [a]ppellee, on [a]ppellant's claim of unfair and deceptive trade practices, due to the Court's decision that the claim was barred by limitations and due to the Court's decision not to apply the "continuing conduct" or "continuing violation" rule to this claim?

## DISCUSSION

*Parties' Arguments*

Appellant argues that, by returning a verdict in her favor on the unfair and deceptive trade practices claim and awarding her damages for that claim, the jury implicitly decided that the claim was not barred by limitations. Alternatively, appellant maintains that even though she knew or should have known about the unfair and deceptive trade practices on October 28, 1998, the statute of limitations should be tolled because either the "continuation of events" rule, or the "continuing harm" rule applies to the instant case.

Appellee asserts that the question of when appellant knew or should have known of the unfair and deceptive trade practices was a question of fact, which was properly left to the jury. According to appellee, the Circuit Court judge properly applied the three year statute of limitations to the factual findings of the jury. Appellee contends that the "continuation of events" rule does not apply to this case, because the relationship at issue is a contractual relationship, and not a fiduciary relationship. In the alternative, appellee argues that even if the relationship in this case were fiduciary, the continuation of events theory does not toll the statute of limitations where an aggrieved party knew or should have known of the wrongdoing.

*The Jury Findings*

The jury in this case returned both a general verdict in favor of appellant, and a special verdict, finding that appellant knew or should have known of the unfair and deceptive trade practices on October 28, 1998. Appellant argues that the jury must have determined that the statute of limitations did not apply, because it returned a verdict in her favor on that claim, and awarded her damages. We do not find this argument persuasive.

The jury was neither instructed on the statute of limitations, nor the legal ramifications of its finding that appellant knew or should have known of the unfair and

deceptive trade practices on a particular date. Instead, the jury was told that "[a] cause of action accrues when a Plaintiff knows, or by reasonable, diligent investigation should have known, of the injury or damage." The jury was also given general instructions on the definition of unfair trade practices. Nowhere in the instructions was the jury told about the statute of limitations or the legal effect of finding that appellant knew or should have known of the unfair and deceptive trade practices on October 28, 1998. Furthermore, "it is counsel's responsibility to assure that all critical issues are submitted to the jury." *Edwards v. Gramling Eng'g Corp.,* 322 Md. 535, 549, 588 A.2d 793, 800 (1991). Appellant may not, on appeal, "bemoan the imprecise language of the special verdict," when she did not object to the questions submitted to the jury. *Id.* at 550, 588 A.2d at 800. Moreover, the trial court reserved on the issue of statute of limitations, which suggests that the Court would later apply the law to the facts, as found by the jury.

Appellant argues that the jury's award of damages, coupled with its finding that appellant knew or should have known of the cause of action more than six years before she filed her complaint, indicates that the jury determined that the statute of limitations did not apply. We do n ot find this argument persuasive either. The jury's award of damages and its finding that appellant knew or should have known of her potential claim on October 28, 1998 are not inconsistent, because the jury was asked to render a verdict on the merits of the claim, and asked separately to determine the accrual date of the claim, but was not asked to apply the statute of limitations.

■ This Court will reconcile the jury's response to a special verdict under the assumption that the jury acted rationally and consistently. *Edwards,* 322 Md. at 547, 588 A.2d at 799. Even assuming, *arguendo,* that there is any inconsistency between the jury's determination that appellant's claim accrued on October 28, 1998, and its verdict in favor of appellant, the apparent inconsistency may be recon-

ciled. Without instructions on the legal ramifications of determining that appellant's claim accrued on October 28, 1998, the jury would have no reason to apply the statute of limitations to appellant's claim. We, therefore, interpret the jury's decision under the assumption that it acted rationally, and attribute its award of damages to its inability to apply a law on which it was never instructed.

We have said that the question of when an action accrues, is one that is left to judicial determination. *Frederick Rd. Ltd. P'ship v. Brown & Sturm,* 360 Md. 76, 95, 756 A.2d 963, 973 (2000). In order to determine when an action accrues, this Court has adopted the discovery rule, which tolls the accrual date of the action until such time as the potential plaintiff either discovers his or her injury, or should have discovered it through the exercise of due diligence. *Id.* at 95–96, 756 A.2d at 973. The determination as to whether

the plaintiff's failure to discover his cause of action was due to failure on his part to use due diligence, or to the fact that defendant so concealed the wrong that plaintiff was unable to discover it by the exercise of due diligence, is ordinarily a question of fact for the jury.

*Id.* at 96, 756 A.2d at 974 (*quoting O'Hara v. Kovens,* 305 Md. 280, 294–95, 503 A.2d 1313, 1320 (1986)). In this case, the jury properly determined that appellant knew or should have known of the cause of action on October 28, 1998. The trial judge then applied the statute of limitations to the jury's factual findings, and determined that the claim was barred.

### Matters of Law

Having determined that the jury properly found that appellant knew or should have known of her injury on October 28, 1998, we now turn to the Court's application of the law to that factual finding. Maryland law provides that "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Md.Code (1973, 2006 Repl.Vol.), § 5–101 of the Courts and

Judicial Proceedings Article. This statute of limitations is meant to promote the interests of fairness and judicial economy by allowing "adequate time for a person of ordinary diligence to bring an action," while providing potential defendants with a degree of repose. *Frederick Rd.*, 360 Md. at 94, 756 A.2d at 973. This Court has adopted the discovery rule as a means of determining when the claim begins to accrue for purposes of the statute of limitations. *Id.* at 95, 756 A.2d at 973. Out of fairness to potential plaintiffs, the discovery rule "tolls the accrual of the limitations period until the time the plaintiff discovers, or through the exercise of due diligence, should have discovered, the injury." *Id.* at 95–96, 756 A.2d at 973. In Maryland, there are several exceptions to the discovery rule, including the continuation of events theory, *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 173, 857 A.2d 1095, 1107 (2004), and the continuing harm theory, *see Shell Oil Co. v. Parker*, 265 Md. 631, 636, 291 A.2d 64, 67 (1972).

Appellant argues that the Court erred when it granted a JNOV, because either the "continuation of events" theory or the "continuing harm" theory should apply, and toll the statute of limitations. We hold that appellant's claim is barred by the statute of limitations because, as a matter of law, there was no fiduciary relationship that would trigger the application of the "continuation of events" rule, nor does the "continuing harm" rule apply, because the jury did not determine that there were ongoing violations, rather than merely continuing ill effects of a single earlier act.

## Continuation of Events Theory

This Court recognizes the "continuation of events" theory, in which the statute of limitations is tolled during the existence of a fiduciary relationship between the parties. *Dual Inc.*, 383 Md. at 173, 857 A.2d at 1107. In *Vincent v. Palmer*, 179 Md. 365, 19 A.2d 183 (1941), this Court applied the continuation of events theory to an ongoing employment relationship, where the employment contract did not mention a finite period of employment. *Vincent*, 179 Md. at 374, 19 A.2d at 189. Similarly, in *Waldman v. Rohrbaugh*, 241 Md. 137,

215 A.2d 825 (1966), we applied this theory to ongoing medical treatment, noting that

> if the facts show continuing medical or surgical treatment for a particular illness or condition in the course of which there is malpractice producing or aggravating harm, the cause of action of the patient accrues at the end of the treatment for that particular illness, injury or condition, unless the patient sooner knew or reasonably should have known of the injury or harm, in which case the statute would start to run with actual or constructive knowledge.

*Waldman*, 241 Md. at 142, 215 A.2d at 828.

The common reasoning in cases where we have applied the continuation of events theory "is that a relationship which is built on trust and confidence generally gives the confiding party the right to relax his or her guard and rely on the good faith of the other party so long as the relationship continues to exist." *Frederick Rd.*, 360 Md. at 97–98, 756 A.2d at 975. In *Dual*, this Court noted that mere conclusory allegations of a fiduciary relation ship are insufficient to support the application of the continuation of events theory. *Dual*, 383 Md. at 173–74, 857 A.2d at 1107–08. Instead, the Court required "specific facts supporting such a relationship." *Id.* at 173, 857 A.2d at 1107.

This Court has held that, absent special circumstances to the contrary, the landlord-tenant relationship is a contractual relationship. *Rhaney v. Univ. of Maryland E. Shore*, 388 Md. 585, 602, 880 A.2d 357, 367 (2005); *see also Dugan v. First Nat'l Bank in Wichita*, 227 Kan. 201, 209, 606 P.2d 1009, 1016 (1980) (noting, of the lessor-lessee relationship, "under usual circumstances this is not a confidential relationship"). In this case, appellant and appellee had an arm's-length contractual relationship. We hold that, as a matter of law, there are no specific facts in this case that would support a determination that the parties had a relationship built on trust and confidence such that appellant had a right to rely on appellee's good faith.

■ Furthermore, even if appellant and appellee had a fiduciary relationship, the continuation of events theory does not toll the statute of limitations where a "party had knowledge of facts that would lead a reasonable person to undertake an investigation that, with reasonable diligence, would have revealed wrongdoing on the part of the fiduciary." *Dual,* 383 Md. at 174, 857 A.2d at 1108. Because the jury determined that appellant knew or should have known of the unfair and deceptive trade practices on October 28, 1998, the continuation of events theory does not toll the statute of limitations.

### Continuing harm Theory

■ This Court and the Court of Special Appeals have recognized the "continuing harm" or "continuous violation" doctrine, which tolls the statute of limitations in cases where there are continuous violations.[7] *See Shell Oil,* 265 Md. at 636, 291 A.2d at 67; *see also Edwards v. Demedis,* 118 Md.App. 541, 562, 703 A.2d 240, 250 (1997). Under this theory, violations that are continuing in nature are not barred by the statute of limitations merely because one or more of them occurred earlier in time. *See Shell Oil,* 265 Md. at 636, 291 A.2d at 67; *see also Duke Street Ltd. P'ship v. Bd. of Cty. Comm'rs,* 112 Md.App. 37, 50, 684 A.2d 40, 47 (1996) (noting that "[c]laims that are in the nature of a 'continuous tort,' such as nuisance, can extend the period of limitations due to their new occurrences over time"). Continuing violations that qualify under this theory are continuing unlawful acts, for exam plea monthly over-charge of rent, not merely the continuing effects of a single earlier act. *78/79 York Assocs. v. Rand,* 175 Misc.2d 960, 966, 672 N.Y.S.2d 619, 623 (1998); *see also Alston v. Hormel Foods Corp.,* 273 Neb. 422, 426, 730 N.W.2d 376, 381 (2007) (" 'continuing tort doctrine' requires that a tortious act-not simply the continuing ill effects of prior tortious acts—fall within the limitation period").

---

7. We have not, however, found a reported opinion, in either this Court or the intermediate appellate court, involving an application of the doctrine of continuing harm.

Appellant argues that her claims are not barred by the statute of limitations because her claims involve an ongoing harm, in particular, the deteriorating condition of her apartment. We are not persuaded by this argument, as her complaints are merely the *"continuing ill effects* from the original alleged violation," and not "a series of acts or course of conduct ... that would delay the accrual of a cause of action to a later date." *Duke Street,* 112 Md.App. at 52, 684 A.2d at 48.

Furthermore, the jury did not find that the unfair and deceptive trade practices were ongoing violations. With regard to the sole remaining claim of unfair and deceptive trade practices, the jury was instructed as follows: "Unfair trade practices are defined as misstatements made directly to a consumer, or by advertisement, or phone solicitation ... concerning the quality and availability of goods and services or the expertise and affiliation of merchants." The jury then found that appellant knew or should have known of these unfair and deceptive trade practices on October 28, 1998. The jury was not asked to decide whether the unfair and deceptive trade practices were ongoing violations. Pursuant to Md. Rule 2–522(c), "[i]f the court fails to submit any issue raised by the pleadings or by the evidence, all parties waive their right to a trial by jury of the issues omitted unless before the jury retires a party demands its submission to the jury." Furthermore, "[i]n the absence of a finding by the [trier of fact], the rule requires us to presume a finding consistent with the trial court's judgment." *Ver Brycke v. Ver Brycke,* 379 Md. 669, 701–02 n. 15, 843 A.2d 758, 777 n. 15 (2004). The jury was not asked to determine whether the unfair and deceptive trade practices were a continuing harm. In other words, the jury was not asked to determine if appellee made any further qualifying misstatements to appellant after October 28, 1998. As a result, we presume that the jury found the violations were not a continuing harm, which is consistent with the trial court's judgment that the continuing harm theory does not apply. Although the damage to appellant's apartment was ongoing, the only misstatements found by the jury

were those made at or near the inception of the lease. Because there were no ongoing unlawful acts, this is not the type of continuing harm contemplated by the rule.

Even if this case were the type to qualify within the continuing harm theory, the doctrine only tolls the statute of limitations "unless the [potential plaintiff] sooner knew or should have known of the in jury or harm." *Duke Street,* 112 Md.App. at 52, 684 A.2d at 48. The jury in this case determined that appellant knew or should have known of the unfair and deceptive trade practices on October 28, 1998. Therefore, we hold, as a matter of law, that the continuing harm theory does not toll the statute of limitations in this case.

### CONCLUSION

We hold that the date on which appellant knew or should have known of appellee's unfair and deceptive trade practices was a factual question properly reserved for the jury. To the extent that it is legally inconsistent with the jury's award of damages, we resolve that by noting that the jury was not instructed on the application of the statute of limitations, and as such, it properly found that appellant knew or should have known of her claim more than six years before she filed it. The statute of limitations is not tolled in this case by the continuation of events theory because there is no fiduciary relationship, nor by the continuing harm theory, because the relevant claim is based on misstatements made to appellant at or near the inception of her lease. For these reasons we hold that the Circuit Court correctly entered JNOV in favor of appellee.

**JUDGMENT OF THE CIRCUIT COURT FOR FREDERICK COUNTY IS AFFIRMED. APPELLANT TO PAY THE COSTS.**