**AAA ANTIQUES MALL,
INC., Plaintiff,**

v.

**VISA U.S.A. INC., et al., Defendants.**

**Civil No. JFM 08–06.**

United States District Court,
D. Maryland.

June 12, 2008.

Timothy William Romberger, Law Offices of Timothy W. Romberger, Washington, DC, for Plaintiff.

Daniel A. Cantor, Laura J. Butte, Arnold and Porter LLP, Washington, DC, Joseph William Hovermill, Matthew Thomas Wagman, Michael L. Haslup, Miles and Stockbridge PC, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

J. FREDERICK MOTZ, District Judge.

Plaintiff AAA Antiques Mall, Inc. has filed this putative class action lawsuit against three credit card companies, defendants VISA U.S.A., Inc., Mastercard Worldwide, and Discover Financial Services. Plaintiff has asserted claims for unjust enrichment and fraud. The essence of plaintiff's complaint is that plaintiff improperly pays a fee to the defendants that is in part attributable to Maryland state sales tax when plaintiff uses defendants' credit card transaction services. Plaintiff seeks to represent a class of persons including "all Maryland individuals, businesses, retailers, and all Maryland gasoline sales businesses, which similarly collect State taxes and pay the Defendants [in the allegedly improper manner]." (Compl.¶ 46.)

Defendants VISA U.S.A., Inc. and Discover Financial Services have filed motions to dismiss on a variety of grounds.[1] For

---

1. I am considering defendants' motions to be motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) despite defendant Visa's styling of its motion as a motion for summary judgment. This is because I am looking only at the question of whether plaintiff has stated a valid claim for relief. The only document outside the four corners of the complaint that I am considering is the contract, or "user guidelines," between plaintiff and defendants. (Compl.¶ 6.) Neither plaintiff nor defendants disputes the authenticity of the document, and plaintiff relies on it in its complaint, *see, e.g., Phillips v. LCI Intern.,*

the reasons presented below, the motions to dismiss are granted.[2]

## I.

Plaintiff AAA Antiques Mall, Inc. ("AAA") "owns and operates an approximately 30,000 square foot antiques mall" in the state of Maryland. (*Id.* ¶ 1.) For approximately ten years, AAA has utilized the credit card processing services of defendants VISA U.S.A., Inc. ("Visa"), Mastercard Worldwide ("Mastercard"), and Discover Financial Services ("Discover"). (*Id.*) Reflective of the manner in which credit cards have pervaded the American economy, AAA states that it "is a matter of business necessity" that it "utilize the Defendants' credit card programs." (*Id.* ¶ 6.)

For the right to use these credit card services, AAA pays a fee to the defendants. (*Id.* ¶ 2.) This fee is calculated as a percentage of the total amount charged to the customer in the sales transaction; it is undisputed that this total amount includes the portion of the transaction's cost that is attributable to state sales tax. (*Id.*) Phrased differently, the fee paid by plaintiff is paid on both the sales price of the item purchased and on the state sales tax. In Maryland, the sales tax rate is six percent.

For example, consider a hypothetical sale of an item priced at $100.00. In Maryland, the total amount charged to the customer on that sale would be $106.00: the $100.00 sales price plus the $6.00 state sales tax. The merchant would receive $100.00 from this sale, and the state would receive $6.00. Yet the merchant, if he or she chose to allow customers to use their credit cards to execute the purchase, would pay a fee on the transaction reflecting the entire amount paid by the customer ($106.00). If the fee paid to the credit card company is three percent of the total amount charged, the merchant would pay $3.18 to the credit card company. Three dollars of that fee is attributable to the sales price of the item, and eighteen cents of that fee is attributable to the sales tax monies from which the merchant receives no benefit.

Plaintiff's claims are based upon the fact that the fee it pays is in part attributable to the state sales tax even though plaintiff receives no direct benefit from the collection of that tax.

## II.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of her claim. *See Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Of course, the court must "accept the factual allegations of the complaint as true and must view the complaint in the light most favorable to the plaintiff." *GE Inv. Private Placement Partners' II v. Parker,* 247 F.3d 543, 548 (4th Cir.2001).

## III.

One of the elements a plaintiff must prove in order to prevail on a claim

---

*Inc.,* 190 F.3d 609, 618 (4th Cir.1999). In any event, the existence of the contract is not material to my rulings.

**2.** Mastercard apparently has not been served and has not filed a motion to dismiss. However, I will *sua sponte* dismiss all of the claims against Mastercard because these claims fail for the same reasons as do AAA's claims against Visa and Discover.

for unjust enrichment under Maryland law is that the defendant has accepted or retained a benefit conferred upon him by the plaintiff "under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc.*, 190 F.Supp.2d 785, 792–93 (D.Md.2002).[3] Here, plaintiff has not alleged sufficient facts to establish this element.

■ The fallacy in plaintiff's unjust enrichment claims is fundamental and may be briefly addressed. Plaintiff has been paying the fee charged by defendants for years, and it does not challenge the fairness of the fee as to the sales price itself. Plaintiff's only allegation of unjust enrichment pertains to the sales tax paid in connection with a transaction. However, because of the practice and expectation of consumers, the credit card services provided by defendants are, according to plaintiff's own allegations, "a matter of business necessity." (Compl. ¶ 6.) Were it not for the credit card services, consumers would not make purchases from plaintiff. Therefore, by enabling plaintiff to accept credit cards, defendants are conferring a benefit upon plaintiff, and plaintiff has alleged no facts to suggest that this benefit is any less valuable as to the sales tax portion of a sales transaction than the sales price itself. Likewise, plaintiff has alleged no facts suggesting that defendants bear any less risk of loss in connection with the sales tax portion of a sales transaction if a particular consumer to whom credit is extended via a credit card turns out to be incapable of paying his credit debt.[4]

## IV.

Plaintiff's fraud claims are based upon the allegation that a representative of Merchant Lynx Services ("MLS"), the company "which sold AAA the necessary equipment to begin processing credit card

---

3. The other two elements that a plaintiff must prove to prevail on an unjust enrichment claim under Maryland law is that he did confer a benefit upon the defendant and that the defendant appreciated or had knowledge of the benefit. *Swedish Civil Aviation Admin.*, 190 F.Supp.2d at 792–93. I am satisfied that in this case plaintiff has alleged sufficient facts to establish these elements.

4. Because I find that plaintiff's unjust enrichment claims fail on this ground, I need not consider the defendants' other arguments that (1) express contracts existed between plaintiff and the defendants, thus negating any claim for unjust enrichment, *see, e.g., County Comm'rs of Caroline County v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 747 A.2d 600, 610 (2000); *FLF, Inc. v. World Publ'ns, Inc.*, 999 F.Supp. 640, 642 (D.Md.1998), and (2) plaintiff's unjust enrichment claim is barred by limitations. However, I note that as to defendants' express contract argument, I probably would rule that although it is extremely unlikely that express contracts did not exist between plaintiff and defendants, a factual record would have to be established through discovery before I could rule upon the question. As to defendants' limitations argument, I probably would rule that the "discovery" rule is not helpful to plaintiff because if plaintiff did not know that for years it had been paying a fee to defendants on the sales tax portion of the sales transaction, it certainly should have discovered that fact long ago. *See Frederick Road Ltd. P'ship v. Brown & Sturm*, 360 Md. 76, 756 A.2d 963, 973 (2000). Likewise, it does not appear that the "continuation of events" doctrine relied upon by plaintiff applies here because no fiduciary relationship existed between plaintiff and defendants. *See MacBride v. Pishvaian*, 402 Md. 572, 937 A.2d 233, 239 (2007). However, I probably would rule that the "continuing violation" doctrine does apply so that if plaintiff's unjust enrichment claims were not otherwise defective, plaintiff could recover fees it paid during the three year period prior to the institution of this lawsuit. *See generally id.* at 240 ("Under [the continuing violation] theory violations that are continuing in nature and not barred by the statute of limitations merely because one of them occurred earlier in time.").

transactions" (decl. of G. Newhouse ¶ 5), told him at the time of that transaction "that the merchant fee would be paid on 'sales' " (*id.* ¶ 8). Defendants contend that plaintiff has not made sufficient allegations to show that MLS was their agent, and that therefore they are not bound by anything a representative of MLS allegedly told plaintiff. While that contention may be correct, before ruling upon it, I would permit plaintiff to take discovery on the issue.

■ Plaintiff's fraud claims are nevertheless defective for two reasons. First, a statement "that the merchant fee would be paid on 'sales' " is not the stuff of a fraud claim. Perhaps if the issue here were one of contract interpretation, plaintiff's contention that "sales" is not meant to include the sales tax portion of a sales transaction would have to be considered if provisions in the contract created an ambiguity as to the meaning of the term "sales." However, because sales taxes must be paid in connection with all sales transactions between plaintiff and consumer, a common sense understanding of the word "sales" includes the sales tax. The alleged representation thus was not deceitful.

■ Second, the alleged misrepresentation was made approximately ten years ago. Thus, plaintiff "through the exercise of due diligence, should have discovered" the alleged fraud long ago, *Frederick Road Ltd. P'ship*, 756 A.2d at 973, and its fraud claims are barred by Maryland's three-year statute of limitations.[5]

A separate order granting defendant's motions and dismissing this action is being entered herewith.[6]

### ORDER

For the reasons stated in the accompanying memorandum opinion, it is, this 12th day of June 2008

ORDERED

1. The motion to dismiss filed by defendants VISA U.S.A., Inc. and Discover Financial Services are granted;

2. All of plaintiff's claims against VISA U.S.A., Inc. and Discover Financial Services are dismissed;

3. Plaintiff's claims against Mastercard Worldwide are dismissed *sua sponte;* and

4. Discover Financial Services' motion for sanctions is denied.

---

5. There is no inconsistency between my ruling that plaintiff's fraud claims are barred by limitations and my statement in footnote 4 indicating that I probably would not find plaintiff's unjust enrichment claims barred by limitations as to fees paid by plaintiff within three years of the filing of this lawsuit. Whereas plaintiff has been paying fees to defendants up to the present on a continuing basis, Newhouse's alleged statement was a

discrete act, the alleged falsity of which plaintiff should have been aware ten years ago.

6. Discover has filed a motion for sanctions against plaintiff and its counsel under Fed. R.Civ.P. 11. Although, for the reasons stated in this opinion, I find plaintiff's claims to be fatally defective, I am not of the view that plaintiff's allegations are so frivolous as to be subject to sanctions under Rule 11.